UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **N.H., BY AND THROUGH HER NEXT FRIEND NADINE DEPP,** *and* **NADINE DEPP, INDIVIDUALLY,** <br>   *Plaintiffs,* <br><br> v. <br><br> **NATALIE CASTILLEJA, MATTHEW MARICK,** *and* **DENTON COUNTY,** <br>   *Defendants.* | Civil Action No.: _____ <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT

COME NOW Plaintiffs N.H. and Nadine Depp and file this Original Complaint, complaining of and about defendants Natalie Castilleja, Matthew Marick, and Denton County, for reasons stated herein. In support of, they respectfully show as follow:

### I.

### PARTIES

1. Plaintiff N.H. is a natural person and a minor child; this party sues by and through her next of friend for Nadine Depp, who currently

resides at or about 1924 Cinnamon Street. Aubrey, Texas 76227, in Denton County, Texas; the said Plaintiff is also referred to herein as the "minor child" and "child".

2. Plaintiff Nadine Depp is a natural person residing at or about 1924 Cinnamon Street. Aubrey, Texas 76227, in Denton County, Texas; this party sues individually and as next of friend for N.H.

3. Defendant Natalie Castilleja is a natural person residing at or about 2261 White Pines Drive., Little Elm, Texas 75068, in Denton County, Texas; this party is sued individually and in her capacity as Denton County Probation Officer.

4. Defendant Matthew Marick is a natural person who, on information and belief, resides and is employed in Denton County, Texas; this party is sued in his official capacity as Director of Denton County Juvenile Probation Department.

5. Defendant Denton County is a political and geographical subdivision of the State of Texas.

## II.

## JURISDICTION AND VENUE

6. This is an action for damages pursuant to 42 U.S.C. § 1983 based on the continuing violations of, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments, to the United States Constitution.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343, based on 42 U.S.C. §1983, and because of questions of federal constitutional law; and, further, this Court is able to exercise pendant or supplemental jurisdiction as to those claims existing and brought under State law, pursuant to 28 U.S.C. §1367.

8. Venue is proper because the events and conduct complained of occurred within the United States Eastern District of Texas.

## III.

## FACTS

9. On February 25, 2021, Child N.H. was detained for allegedly engaging in delinquent conduct; she was subsequently released under rules of release.

10. On or about April 17, 2021, Child N.H. was re-detained and

placed in the Charlie J. Cole Building, located at 210 South Woodrow Lane, Denton, Texas 76205, a Denton County Juvenile Detention Center facility, for allegedly violating the said rules of release.

11. On or about April 17, 2021, while on duty as a Juvenile Probation Officer, for Denton County, Defendant Natalie Castilleja began engaging in a pattern of routine and inappropriate behavior, with the minor child.

12. During the relevant time, the minor child was subject to the control, supervision, and control of Defendant Natalie Castilleja, who was employed and otherwise subject to the control or supervision of Defendant Denton County and Defendant Matthew Marick, respectively.

13. The interactions between Defendant Natalie Castilleja, with the minor child, began with the passing of flirtatious notes by the said Defendant to the child.

14. These interactions cultivated and fostered an emotional connection with the minor child, and develop into a criminal relationship.

15. On or about June 28, 2021, an unknown person lodged a complaint, reporting an instance of suspected abuse or inappropriate conduct by Defendant Natalie Castilleja with or against the between the minor child; an investigation was purportedly conducted by Denton County Detention

center staff regarding the complaint.

16. However, after the conduction of the same, there was found to be no improper behavior, despite, on information and belief, sufficient contravening information and evidence being present or existing at the time of the investigation.

17. On August 16, 2021, Child N.H. was released from detention to the custody of her mother on 24 months of Intensive Supervised Probation.

18. On or about August 16, 2021, Defendant Natalie Castilleja began continuously sexually abusing Child N.H., coming to Child N.H.'s house at night and taking Child N.H., without parental permission and in violation of Child N.H.'s Probation Rules, and sexually abusing her.

19. On September 8, 2021, Child N.H. was detained for violating Probation; and, while in the detention facility, Defendant Natalie Castilleja continued the improper and illicit relationship with Child N.H., while on duty and carrying out her official duties.

20. On or about September 18, 2021, the Child N.H. reported the illicit relationship to Juvenile Probation Officer Helen Mack; and another investigation was conducted regarding the conduct of Defendant Natalie Castilleja against or as to the minor child.

21. Upon further inquiry and conduction of this second investigation, the extent of the conduct of Defendant Natalie Castilleja became known, including the pattern and subjugation of grooming and subsequent sexual abuse that the said Defendant had subjected the minor child to.

22. On October 8, 2021, Defendant Natalie Castilleja was arrested for the sexual assault of the minor child; and after the arrest of the said Defendant, as well as the firing of certain staff due to the abuse, a noticeable distinction and change in treatment to the minor child was noticed.

23. More specifically, the minor child reported being subjected to an increasingly negative pattern of behavior by the staff at the detention facility, noting a sense of being "verbally harassed" and a feeling "bullied".

## IV.

## COUNT 1

24. Plaintiffs incorporate by reference the foregoing paragraphs of this Original Complaint as though fully stated herein.

25. Defendant Natalie Castilleja's sexual abuse subjected the minor child to a strong likelihood of serious harm.

26. Defendants were aware of this strong likelihood that the minor

child would be harmed or strongly suspected facts showing a strong likelihood that the minor child would be seriously harmed but refused to act on this knowledge.

27. Defendants' awareness or strong suspicion can be inferred from the investigation they conducted.

28. Defendants consciously failed to take reasonable measures to prevent harm from occurring to the minor child.

29. The minor child would not have been harmed or would have suffered less harm if Defendants had taken reasonable measures, including, but not limited to, conducting a more thorough investigation, supervising the conduct of employees of the detention facility, ensuring adequate safeguards were in place to prevent or ward against the culture of grooming that resulted or which was fostered, or some combination.

30. Defendants acted under color of law and by and through the Defendants' conduct, the minor child was injured, for which damages are sought.

31. In addition to compensatory damages, expenses, and court costs, the minor child is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

## V.

## COUNT 2

32. Plaintiffs incorporate by reference the foregoing paragraphs of this Original Complaint as though fully stated herein.

33. Further or alternatively, Defendants made an intentional decision with respect to the conditions under which the minor child was confined.

34. Those conditions put the minor child at substantial risk of suffering serious harm.

35. Defendants did not take reasonable available measures to abate that risk, even though a reasonable officer, in such circumstances would have appreciated the high degree of risk involved, making the consequences of Defendants' conduct obvious.

36. However, by not taking such measures, Defendants caused or facilitated the causing of the injuries sustained by the minor child, for which damages are sought.

37. In addition to compensatory damages, interest, expenses, and court costs, the minor child is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

## VI.

## COUNT 3

38. Plaintiffs incorporate by reference the foregoing paragraphs of this Original Complaint as though fully stated herein.

39. The minor child had and has a fundamental substantive due process right to personal security and bodily integrity extending specifically to the right to be free from sexual abuse.

40. Because Defendants imposed a special relationship on the minor child, by holding her in custody and releasing her on probation, Defendants owed the minor child a special duty of protection against violation of her due process rights.

41. Defendants' conduct was so oppressive that it shocks the conscience and the conduct of Defendant Natalie Castilleja was intended to injure the minor child and did injure the minor child, and such injuries were, in part or whole, sustained or inflicted due to or whilst the said Defendant was acting or on duty, and, accordingly, the conduct should be deemed or is imputed on all Defendants, and such conduct is unjustifiable by any government interest.

42. In addition to compensatory damages, interest, expenses, and

court costs,

43. The minor child is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

## VII.

## COUNT 4

44. Plaintiffs incorporate by reference the foregoing paragraphs of this Original Complaint as though fully stated herein.

45. Defendant Denton County and Defendant Matthew Marick's respective training programs were inadequate to train their employees to carry out their duties, particularly as to Defendant Natalie Castilleja.

46. Defendant Denton County, Defendant Matthew Marick, or both, failed to adequately supervise or discipline those subject to their control.

47. Defendant Denton County and Defendant Matthew Marick's respective failures to adequately train, supervise, or discipline their employees amounted to deliberate indifference to the fact that inaction would obviously result in the violation of the right to be free from sexual abuse.

48. Defendant Denton County's and Defendant Matthew Marick's respective failures to adequately train, supervise, or discipline their

employees proximately caused the violation of the minor child's right to be free from sexual abuse.

49. In addition to compensatory damages, interest, expenses, and court costs, the minor child is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

## VIII.

## COUNT 5

50. Plaintiffs incorporate by reference the foregoing paragraphs of this Original Complaint as though fully stated herein.

51. It was Defendants' duty to exercise ordinary care for the safety of other persons, including the minor child, to avoid foreseeable injuries.

52. Defendants knew or should have known the minor child was at risk of injury.

53. Defendants' breach of their duty was a substantial factor in causing the minor child injury.

54. In addition to compensatory damages, interest, expenses, and court costs, the minor child is entitled to punitive damages and an award of attorney fees in prosecuting this action.

## IX.

## COUNT 6

55. Plaintiffs incorporate by reference the foregoing paragraphs of this Original Complaint as though fully stated herein.

56. Defendant Natalie Castilleja's conduct in sexually abusing the minor child was extreme and outrageous, and Defendant Denton County, Defendant Matthew Marick, or both, knew or should have known about it.

57. Defendants' conduct, however, was however, such a dereliction of duty it should be or is akin to intentionally or recklessly conduct, and the same caused the minor child and Plaintiff Nadine Depp severe emotional distress.

58. In addition to compensatory damages, exemplary damages, interest, expenses, and court costs, the minor child and Plaintiff Nadine Depp are entitled to punitive damages and an award of attorney fees in prosecuting this action.

## X.

## COUNT 7

59. Plaintiffs incorporate by reference the foregoing paragraphs of

this Original Complaint as though fully stated herein.

60. Defendant Natalie Castilleja's conduct injured the minor child.

61. Defendant Natalie Castilleja intentionally, knowingly, or recklessly causes bodily injury to the minor child.

62. Defendant Natalie Castilleja intentionally or knowingly threatened the minor child with imminent bodily injury.

63. Defendant Natalie Castilleja intentionally or knowingly caused physical contact with the minor child and Defendant Natalie Castilleja knew or should have known or should reasonably have believed that the contact was offensive, provocative, or both.

64. As a result of the foregoing conduct, by Defendant Natalie Castilleja, the minor child was injured, for which she sues for compensatory damages, exemplary damages, interest, expenses, court costs, and all other relief available.

## XI.

## COUNT 8

65. Plaintiffs incorporate by reference the foregoing paragraphs of this Original Complaint as though fully stated herein.

66. Defendant Natalie Castilleja, while employed as agent of Denton County Juvenile Probation, began grooming Child N.H. for sexual abuse by using her position of power and other psychologically manipulative and predatory behavior.

67. Defendant Natalie Castilleja used her position of power as an agent of Denton County Juvenile Probation to sexually assault Child N.H. on multiple occasions.

68. Defendant Natalie Castilleja used her position of power as an agent of Denton County Juvenile Probation to intimidate the minor child into not reporting the abuse.

69. Defendant Natalie Castilleja's acts violated the minor child's Eighth Amendment rights to be free from Cruel and Unusual Punishment.

70. Defendant Natalie Castilleja's deprivation of the minor child's rights caused the minor child injury and damages.

71. Defendant Natalie Castilleja acted willfully, knowingly, purposefully, with deliberate indifference, or some combination, to deprive the minor child of her rights.

72. As a result of the nature of Defendant Natalie Castilleja's conduct, the minor child was injured, for which she sues for compensatory

damages, exemplary damages, interest, expenses, court costs, and all other relief available, including punitive damages.

## XII.

## JURY TRIAL DEMAND

73. Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby demand a trial by jury on all issues triable by right to a jury.

## XIII.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray for relief in conformity with this Original Complaint, and including, for:

a. a trial by jury on all issues and claims in this Original Complaint;

b. an award of all damages to which Plaintiffs may be entitled and which they may show themselves entitled at trial, including, but not limited to compensatory, punitive, any other, and any combination;

c. pre-judgment and post judgment interest and recovery of costs;

d. an award of Plaintiffs' attorneys' fees; and

e. for all such other and further relief to which Plaintiffs may be

entitled.

                Respectfully submitted,

                /s/ Seth Fuller
                _____

                Seth A. Fuller
                State Bar No. 24064126
                sf@patelfuller.com
                Patel Fuller, PLLC
                1211 E. 15th St.
                Plano, TX 75074-6207
                P     214-810-3120
                F     214-722-6809

                *Counsel for Plaintiffs*