# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS

**N.H.** *and*
**NADINE DEPP,**
    *Plaintiffs,*

    v.

**NATALIE CASTILLEJA** *and*
**DENTON COUNTY,**
    *Defendants.*

Civil Action No.: _____

**JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT

COME NOW Plaintiffs N.H. and Nadine Depp and file this First Amended Complaint, complaining of and about defendants Natalie Castilleja and Denton County, for reasons stated herein. In support of, they respectfully show as follow:

## I.

## PARTIES

1. Plaintiff N.H. is a natural person and a minor child; this party sues by and through her next of friend for Nadine Depp, who currently resides at or about 1924 Cinnamon Street. Aubrey, Texas 76227, in Denton

County, Texas.

2. Plaintiff Nadine Depp is a natural person residing at or about 1924 Cinnamon Street. Aubrey, Texas 76227, in Denton County, Texas; this party sues individually and as next of friend for N.H.

3. Defendant Natalie Castilleja is a natural person residing at or about 2261 White Pines Drive, Little Elm, Texas 75068, in Denton County, Texas; this party is sued individually and in her capacity as Denton County Probation Officer.

4. Defendant Denton County is a political and geographical subdivision of the State of Texas.

## II.

## JURISDICTION AND VENUE

5. This is an action for damages pursuant to 42 U.S.C. § 1983 based on the continuing violations of, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments, to the United States Constitution.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 1343, based on 42 U.S.C. §1983, and because of questions of federal constitutional law; and, further, this Court is able to exercise pendant or

supplemental jurisdiction as to those claims existing and brought under State law, pursuant to 28 U.S.C. §1367.

7.  Venue is proper because the events and conduct complained of occurred within the United States Eastern District of Texas.

## III.

## FACTS

8.  On February 25, 2021, Child N.H. was detained for allegedly engaging in delinquent conduct; she was subsequently released under rules of release.

9.  On or about April 17, 2021, Child N.H. was re-detained and placed in the Charlie J. Cole Building, located at 210 South Woodrow Lane, Denton, Texas 76205, a Denton County Juvenile Detention Center facility, for allegedly violating the said rules of release.

10.  On or about April 17, 2021, while on duty as a Juvenile Probation Officer, for Denton County, Defendant Natalie Castilleja began engaging in a pattern of routine and inappropriate behavior, with the minor child.

11.  During the relevant time, the minor child was subject to the control, supervision, and control of Defendant Natalie Castilleja, who was

employed and otherwise subject to the control or supervision of Defendant Denton County by and through its agents, officers, or employees.

12. The interactions between Defendant Natalie Castilleja, with the minor child, began with the passing of flirtatious notes by the said Defendant to the child.

13. These interactions cultivated and fostered an emotional connection with the minor child, and develop into a criminal relationship.

14. On or about June 28, 2021, an unknown person lodged a complaint, reporting an instance of suspected abuse or inappropriate conduct by Defendant Natalie Castilleja with or against the between the minor child; an investigation was purportedly conducted by Denton County Detention center staff regarding the complaint.

15. However, after the conduction of the same, there was found to be no improper behavior, despite, on information and belief, sufficient contravening information and evidence being present or existing at the time of the investigation.

16. On August 16, 2021, Child N.H. was released from detention to the custody of her mother on 24 months of Intensive Supervised Probation.

17. On or about August 16, 2021, Defendant Natalie Castilleja began

continuously sexually abusing Child N.H., coming to Child N.H.'s house at night and taking Child N.H., without parental permission and in violation of Child N.H.'s Probation Rules, and sexually abusing her.

18. On September 8, 2021, Child N.H. was detained for violating Probation; and, while in the detention facility, Defendant Natalie Castilleja continued the improper and illicit relationship with Child N.H., while on duty and carrying out her official duties.

19. On or about September 18, 2021, the Child N.H. reported the illicit relationship to Juvenile Probation Officer Helen Mack; and another investigation was conducted regarding the conduct of Defendant Natalie Castilleja against or as to the minor child.

20. Upon further inquiry and conduction of this second investigation, the extent of the conduct of Defendant Natalie Castilleja became known, including the pattern and subjugation of grooming and subsequent sexual abuse that the said Defendant had subjected the minor child to.

21. On October 8, 2021, Defendant Natalie Castilleja was arrested for the sexual assault of the minor child; and after the arrest of the said Defendant, as well as the firing of certain staff due to the abuse, a noticeable distinction and change in treatment to the minor child was noticed.

22. More specifically, the minor child reported being subjected to an increasingly negative pattern of behavior by the staff at the detention facility, noting a sense of being "verbally harassed" and a feeling "bullied".

23. On February 25, 2021, Child N.H. was detained for allegedly engaging in delinquent conduct; she was released under Rules of Release.

24. On or about April 17, 2021, Child N.H. was re-detained and placed in the Charlie J. Cole Building, located at 210 South Woodrow Lane, Denton, Texas 76205, a Denton County Juvenile Detention Center facility, for allegedly violating said Rules of Release.

25. During the relevant time, the minor child was subject to the control, supervision, and control of those employed by Defendant Denton County, including, but not limited to, Defendant Natalie Castilleja.

A. **THE CONDUCT**

26. On or about April 17, 2021, while on duty as a Juvenile Probation Officer, for Denton County, Defendant Natalie Castilleja began engaging in a pattern of routine and inappropriate behavior, with the minor child.

27. The interactions between Defendant Natalie Castilleja, with the minor child, began with the passing of flirtatious notes, ultimately fostering and blossoming into an emotional connection with the minor child, which

was purposed to further develop into more *criminal* conduct.

## B.   THE INVESTIGATION

28.   On or about June 28, 2021, an unknown person lodged a complaint, abuse between Child N.H. and Defendant Natalie Castilleja; an investigation was conducted by Denton County Detention center staff regarding the illicit relationship.

29.   There was found to be no improper behavior, despite, on information and belief, sufficient contravening information and evidence being present or existing.

30.   On August 16, 2021, Child N.H. was released from detention to the custody of her mother on 24 months of Intensive Supervised Probation.

31.   On or about August 16, 2021, Defendant Natalie Castilleja began continuously sexually abusing Child N.H., coming to Child N.H.'s house at night and taking Child N.H., without parental permission and in violation of Child N.H.'s Probation Rules, and sexually abusing her.

32.   On September 8, 2021, Child N.H. was detained for violating Probation. Defendant Natalie Castilleja continued the improper and illicit relationship with Child N.H. in the detention facility while acting in her official capacity for Denton County Probation.

33. On or about September 18, 2021, the victim reported the illicit relationship to JPO Helen Mack.

34. On or about September 18, 2021, an investigation was again conducted regarding the illicit relationship. Through this investigation, the grooming and subsequent sexual abuse of Child N.H. at the hands of Defendant Natalie Castilleja was discovered.

35. On October 8, 2021, Defendant Natalie Castilleja was arrested for the sexual assault of Child N.H..

36. After the arrest of Defendant Natalie Castilleja and firing of other staff, Child N.H. noticed a distinct change in her treatment by Detention staff.

37. They began having a negative attitude towards her and began verbally harassing and bullying her.

## IV.FE

## COUNT 1

38. Plaintiffs incorporate by reference the foregoing paragraphs of this First Amended Complaint as though fully stated herein.

39. Defendant Natalie Castilleja's sexual abuse subjected Child

N.H. to a strong likelihood of serious harm.

40. Defendants were aware of this strong likelihood that Child N.H. would be harmed or strongly suspected facts showing a strong likelihood that Child N.H. would be seriously harmed but refused to act on this knowledge.

41. Defendants' awareness or strong suspicion can be inferred from the investigation they conducted. Defendants consciously failed to take reasonable measures to prevent harm from occurring.

42. Child N.H. would not have been harmed or would have suffered less harm if Defendants had taken reasonable measures.

43. Defendants acted under color of law.

44. Defendants' conduct severely injured Child N.H..

45. In addition to compensatory damages, expenses, and court costs, Child N.H. is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

## V.

## COUNT 2

46. Plaintiffs incorporate by reference the foregoing paragraphs of

this First Amended Complaint as though fully stated herein.

47. Alternatively, Defendants made an intentional decision with respect to the conditions under which Child N.H. was confined.

48. Those conditions put Child N.H. at substantial risk of suffering serious harm.

49. Defendants did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved, making the consequences of Defendants' conduct obvious. By not taking such measures, Defendants caused Child N.H.'s injuries.

50. In addition to compensatory damages, interest, expenses, and court costs, Child N.H. is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

## VI.

## COUNT 3

51. Plaintiffs incorporate by reference the foregoing paragraphs of this First Amended Complaint as though fully stated herein.

52. Child N.H. had a fundamental substantive due process right to

personal security and bodily integrity extending specifically to the right to be free from sexual abuse.

53. Because Defendants imposed a special relationship on Child N.H. by holding her in custody and releasing her on probation, Defendants owed Child N.H. a special duty of protection against violation of her due process rights.

54. Defendants' conduct was so oppressive that it shocks the conscience.

55. Defendants' conduct was intended to injure Child N.H. in a way unjustifiable by any government interest.

56. In addition to compensatory damages, interest, expenses, and court costs,

57. Child N.H. is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

## VII.

## COUNT 4

58. Plaintiffs incorporate by reference the foregoing paragraphs of this First Amended Complaint as though fully stated herein.

59. Defendant Denton County's respective training programs were inadequate to train their employees to carry out their duties.

60. Defendant Denton County failed to adequately supervise or discipline their employees.

61. Defendant Denton County's failures to adequately train, supervise, or discipline their employees amounted to deliberate indifference to the fact that inaction would obviously result in the violation of the right to be free from sexual abuse.

62. Defendant Denton County's failure to adequately train, supervise, or discipline their employees proximately caused the violation of Child N.H.'s right to be free from sexual abuse.

63. In addition to compensatory damages, interest, expenses, and court costs, Child N.H. is entitled to punitive damages and an award of attorney fees in prosecuting this action, pursuant to 42 U.S.C. § 1988.

## VIII.

## COUNT 5

64. Plaintiffs incorporate by reference the foregoing paragraphs of this First Amended Complaint as though fully stated herein.

65. It was Defendants' duty to exercise ordinary care for the safety of other persons, including Child N.H., to avoid foreseeable injuries.

66. Defendants knew or should have known Child N.H. was at risk of injury.

67. Defendants' breach of their duty was a substantial factor in causing Child N.H.'s injuries.

68. In addition to compensatory damages, interest, expenses, and court costs, Child N.H. is entitled to punitive damages and an award of attorney fees in prosecuting this action.

## IX.

## COUNT 6

69. Plaintiffs incorporate by reference the foregoing paragraphs of this First Amended Complaint as though fully stated herein.

70. Defendants' conduct in sexually abusing Child N.H. or in failing to stop Defendant Natalie Castilleja's sexual abuse though they knew or should have known about it, or in retaliating for Child N.H.'s reporting of Defendant Natalie Castilleja was extreme and outrageous.

71. Defendants' extreme and outrageous conduct intentionally or

recklessly caused Child N.H. severe emotional distress.

72. In addition to compensatory damages, interest, expenses, and court costs, Child N.H. is entitled to punitive damages and an award of attorney fees in prosecuting this action.

## X.

## COUNT 7 - BATTERY

73. Plaintiffs incorporate by reference the foregoing paragraphs of this First Amended Complaint as though fully stated herein.

74. Defendant Natalie Castilleja's conduct injured Child N.H..

75. In addition to compensatory damages, interest, expenses, and court costs,

## XI.

## COUNT 8

76. Plaintiffs incorporate by reference the foregoing paragraphs of this First Amended Complaint as though fully stated herein.

77. Defendant Natalie Castilleja, while employed as agent of Denton County Juvenile Probation, began grooming Child N.H. for sexual abuse by using her position of power and other psychologically manipulative and

predatory behavior.

78. Defendant Natalie Castilleja used her position of power as an agent of Denton County Juvenile Probation to sexually assault Child N.H. on multiple occasions.

79. Defendant Natalie Castilleja used her position of power as an agent of Denton County Juvenile Probation to intimidate Child N.H. into not reporting the abuse.

80. Defendant 's acts violated Child N.H.'s Eighth Amendment right to be free from Cruel and Unusual Punishment.

81. Defendant Natalie Castilleja's deprivation of Child N.H.'s rights caused Child N.H. damages.

82. Defendant Natalie Castilleja acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Child N.H. of her Constitutional Rights; as a result of the nature of Defendant's conduct, Child N.H. is entitled to recover punitive damages against the individual

## XII.

## JURY TRIAL DEMAND

83. Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby

demand a trial by jury on all issues triable by right to a jury.

## XIII.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray for relief in conformity with this First Amended Complaint, and including, for:

a. a trial by jury on all issues and claims in this First Amended Complaint;

b. an award of all damages to which Plaintiffs may be entitled and which they may show themselves entitled at trial, including, but not limited to compensatory, punitive, any other, and any combination;

c. pre-judgment and post judgment interest and recovery of costs;

d. an award of Plaintiffs' attorneys' fees; and

e. for all such other and further relief to which Plaintiffs may be entitled.

        Respectfully submitted,

        /s/ Seth Fuller
        _____
        Seth A. Fuller
        State Bar No. 24064126
        sf@patelfuller.com
        Patel Fuller, PLLC
        1211 E. 15th St.
        Plano, TX 75074-6207
        P    214-810-3120
        F    214-722-6809

        *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned certifies a true and correct copy of the foregoing document, together with all exhibits, attachments, notices, and proposed orders thereto, if any, was or were served on all parties or counsel, in accordance with the applicable Federal Rules of Civil Procedure and through CM/ECF.

CERTIFIED TO on August 29, 2022, by:


/s/ Seth Fuller
_____
Seth A. Fuller