UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **N.H.** *and* <br> **NADINE DEPP,** <br>    *Plaintiffs,* <br><br>         *v.* <br><br> **NATALIE CASTILLEJA** *and* <br> **DENTON COUNTY,** <br>    *Defendants.* | Case No. 4:22-cv-00436-ALM |

**RESPONSE TO DEFENDANT DENTON COUNTY'S MOTION TO ABATE ANY DISCOVERY AND ALL SCHEDULING REQUIREMENTS PENDING RESOLUTION OF MOTION TO DISMISS**

Plaintiffs N.H. and NADINE DEPP respectfully file this Response to Defendant DENTON COUNTY's Motion to Abate Any Discovery and All Scheduling Requirements Pending Resolution of Motion to Dismiss. Dkt. #10.

**I.**

**SUMMARY**

1.      A request for a stay of discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Fed. R. Civ.

P. 26(c)(1)(B).

2.  Discovery may most certainly be stayed pursuant to Rule 26, but the moving party bears the burden of showing good cause and reasonableness. *U.S. v. Any and All Assets of That Certain Business Known as Shane Co.*, 147 F.R.D. 99 (M.D. N.C. 1992).

3.  Mere conclusory statements that, *for instance*, a party *might* tailor its deposition testimony to the discovery material, does not establish good cause for a protective order to stay production of the discovery material. *See Gordon v. Target Corporation*, 318 F.R.D. 242 (E.D. N.Y. 2016) (disclosure of its video surveillance footage) (emphasis added).

4.  Good cause requires a showing of facts militating in favor of the stay. *Chesney v. Valley Stream Union Free School Dist. No. 24*, 236 F.R.D. 113 (E.D. N.Y. 2006).

5.  The moving party *must* come forward with a specific factual showing that the interest of justice and considerations of prejudice and undue burden to the parties require a protective order and that the benefits of a stay outweigh the cost of delay. *Kron Medical Corp. v. Groth*, 119 F.R.D. 636 (M.D. N.C. 1988).

## II.

## THE PUPORTED "GOOD CAUSE" RELIED UPON

6.  Defendant DENTON COUNTY asserts "[t]he reasons for abatement of any and all discovery and also any scheduling requirements[] [except resolution of pending MOTION TO DISMISS] are simple, straightforward, and two-fold: until Co-Defendant Castilleja has either appeared or default entered against her, and until this Court addresses and resolves various threshold legal issues raised in Denton County's MOTION TO DISMISS, discovery and scheduling should wait." Dkt. #10 at Section III (Good Cause Exists for Abatement of Any Discovery and All Scheduling Requirements) (reference to footnote removed).

## III.

## CO-DEFENDANT SERVED

7.  Co-Defendant CASTILLEJA has been served and a return or proof of service has been filed with the Court. Dkt. #14.

## IV.

## OTHER BASIS: NO DISCOVERY - STRAIGHT TO DISMISSAL

8.      Defendant DENTON COUNTY's other argument or reliance is misplaced and would wholly thwart any opportunity to conduct even any semblance of meaningful discovery, in order to investigate or pursue Plaintiffs' claims.

9.      Instead, it would be akin to a summary disposition without opportunity to review or scratch the surface of the underlying allegations pled by Plaintiffs.

## V.

## REQUESTED RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray Defendant's Motion be denied and relief be granted in conformity with this Response.

Respectfully submitted,

/s/ Seth Fuller

---

Seth A. Fuller
State Bar No. 24064126
sf@patelfuller.com
Patel Fuller, PLLC
1211 E. 15th St.
Plano, TX 75074-6207
P    214-810-3120
F    214-722-6809

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned certifies a true and correct copy of the foregoing document, together with all exhibits, attachments, notices, and proposed orders thereto, if any, was or were served on all parties or counsel, in accordance with the applicable Federal Rules of Civil Procedure and through CM/ECF.

CERTIFIED TO on November 29, 2022, by:

/s/ Seth Fuller

Seth A. Fuller

*Response to Defendant Denton County's Motion to Abate Any Discovery and All Scheduling Requirements Pending Resolution of Motion to Dismiss*

Page 6 of 6