IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| N.H., by and through her Next Friend Nadine Depp, and NADINE DEPP | § § § | |
| v. | § § | Case No. 4:22-cv-00436-ALM |
| NATALIE CASTILLEJA and DENTON COUNTY | § § § | |

**DENTON COUNTY'S REPLY TO PLAINTIFF'S RESPONSE
TO MOTION TO ABATE ANY DISCOVERY AND ALL SCHEDULING
REQUIREMENTS PENDING RESOLUTION OF MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **DENTON COUNTY**, one of the two Defendants, and files their REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO ABATE ANY DISCOVERY AND ALL SCHEDULING REQUIREMENTS PENDING RESOLUTION OF MOTION TO DISMISS, and would show as follows:

**I.
Plaintiff's RESPONSE does not address core issues presented in Denton County's MOTION**

The County's MOTION TO ABATE ANY DISCOVERY AND ALL SCHEDULING REQUIREMENTS PENDING RESOLUTION OF MOTION TO DISMISS [Doc. 10] requests this Court to abate any discovery and scheduling requirements until the Co-Defendant Natalie Castilleja has appeared [or a default judgment entered against her], and also until the County's MOTION TO DISMISS has been resolved. Neither of these scenarios require any discovery.

After being ordered to either respond or advise the Court there is no opposition [see, ORDER, Dkt. 11], just past the stroke of midnight on [technically, after] the deadline Plaintiff filed her RESPONSE which, basically, cites generic case law from District Courts in North Carolina and New York but does not address the core issues raised in the County's MOTION.

## II.
## Plaintiff's RESPONSE fails to address Role and appearance of Defendant Castilleja

The County noted how the pending criminal case against Co-Defendant Castilleja could impact her appearance and participation, and thus, affect the orderly progression of this case, including discovery and/or entry of a default judgment. Plaintiff's RESPONSE tersely notes that Castilleja has been served and a "return or proof of service has been filed with the Court. Dkt.#14".[1] However, Plaintiff does not explain why she waited more than four months to file the AFFIDAVIT OF SERVICE [Dkt. 14], which reflects that Castilleja was served on July 20, 2022. Nor does Plaintiff offer any insight as to whether she intends to take a Default Judgment against Castilleja - or just let Castilleja continue to stagnate. Again, until Castilleja's role herein has been solidified, it would seem pointless to conduct any discovery or begin scheduling. And this impediment to progress is solely Plaintiff's making.

## III.
## Denton County's pending MOTION TO DISMISS does not require discovery

The six grounds presented in the pending Denton County MOTION TO DISMISS[2] are issues of law for which no discovery is needed. Plaintiff's RESPONSE misses the mark completely and conflates summary judgment under Rule 56 with dismissal under Rule 12(b)(6). The County, in no uncertain terms, challenged the plausibility of Plaintiff's claims and, under the applicable standard, assumed the non-conclusory factual allegations were true.[3] Yet even assuming the Plaintiff's "facts" are accurate, she cannot prevail against the County as a matter of law.

---

[1] See, PLAINTIFF'S RESPONSE TO DENTON COUNTY'S MOTION TO ABATE ANY DISCOVERY AND ALL SCHEDULING REQUIREMENTS PENDING RESOLUTION OF MOTION TO DISMISS [Dkt. 15 or 16], paragraph III, p. 3

[2] See, Denton County's MOTION TO DISMISS [Dkt. 9], paragraph IV ("Standard of Review"), p. 6-7

[3] See, Denton County's MOTION TO DISMISS [Dkt. 9], paragraph II ("Grounds for Relief"), p. 2

## IV.
## Plaintiff's RESPONSE does not negate Good Cause for Discovery and Scheduling Stay

Denton County continues to assert it would serve the interests of justice, promote judicial economy, minimize disruption of governmental activities, and be most productive to abate any discovery requirements and/or scheduling orders so that <u>all</u> the parties are present before the Court and that the legal issues raised in the MOTION TO DISMISS can be fully resolved. While Plaintiff's RESPONSE acknowledges the County's position on good cause, she offers nothing to negate it. Besides pointing out that Co-Defendant Castilleja was served four months ago and the County seeks dismissal without discovery [as Rule 12(b)(6) contemplates], there is no cogent discussion of why Denton County's requested relief should not be granted.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **DENTON COUNTY, TEXAS**, prays that their MOTION TO ABATE ANY DISCOVERY AND ALL SCHEDULING REQUIREMENTS PENDING RESOLUTION OF MOTION TO DISMISS, be granted; and that they have such other and further relief, at law or in equity, to which they may be entitled.

Respectfully submitted,

By: /s/ *Robert J. Davis*
 **ROBERT J. DAVIS**
State Bar No. 05543500
**J. BAILEY McSHANE, IV**
State Bar No. 24104388
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
bmcshane@mssattorneys.com

**ATTORNEYS FOR DEFENDANT**
**DENTON COUNTY, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2022, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Seth Fuller, Naval Patel.

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**