# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| N.H. and NADINE DEPP, § | |
| § | |
| Plaintiffs, § | Civil Action No. 4:22-cv-00436 |
| v. § | Judge Mazzant |
| § | |
| NATALIE CASTILLEJA and DENTON § | |
| COUNTY, § | |
| § | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Denton County's Motion to Abate Any Discovery and All Scheduling Requirements Pending Resolution of Motion to Dismiss (Dkt. #10). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED.**

### BACKGROUND

Plaintiff N.H. ("N.H.") is a minor child who was detained in February of 2021 for allegedly engaging in delinquent conduct. After being released, she was redetained on April 17, 2021, and placed in a Denton County Juvenile Detention Center facility for allegedly violating her rules of release. At this time, N.H. allegedly suffered through a pattern of inappropriate sexual behavior at the hands of Defendant Natalie Castilleja ("Castilleja"). Castilleja allegedly passed flirtatious notes to N.H., which "cultivated and fostered an emotional connection with the minor child," eventually leading to a relationship between N.H. and Castilleja (Dkt. #6 ¶ 13). Eventually, on June 28, 2021, an anonymous person reported Castilleja's suspected abuse and inappropriate conduct. The complaint prompted the Detention Center to open an investigation into the matter, but it found no improper behavior.

In August 2021, N.H. was released from her detention and placed in the custody of her mother for a 24-month probationary period. From there, Castilleja apparently continued her sexual abuse of N.H., coming to the child's house at night and taking her away (without parental permission) so that Castilleja could sexually abuse the child. Less than a month later, on September 8, 2021, N.H. was detained for violating her probation and moved back to the detention facility. While there, Castilleja continued her illicit behavior with N.H. On September 18, 2021, N.H. reported the relationship with Castilleja to juvenile probation officer Helen Mack, which led to another investigation into the relationship. The investigation uncovered Castilleja's behavior, and she was arrested on October 8, 2021, for sexually assaulting N.H. Following the arrest, N.H. apparently felt a noticeable change in her treatment at the detention facility, including "being subjected to an increasingly negative pattern of behavior" by detention facility staff (Dkt. #6 ¶ 22).

Now, N.H. and Plaintiff Nadine Depp (collectively, "Plaintiffs") bring this action against Castilleja and Denton County ("Denton County" or "the County"), alleging several violations of state and federal law. On September 28, 2022, Denton County moved to stay discovery in the case until its motion to dismiss is decided (Dkt. #10).[1] The Court ordered Plaintiffs to respond on November 17, 2022 (Dkt. #11), which they did on November 29, 2022 (Dkt. #16). The County subsequently filed a reply (Dkt. #17).

## LEGAL STANDARD

I. **Authority to Stay Discovery**

The district court has inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). As part of that inherent power, "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that

---

[1] The motion to dismiss is currently pending (Dkt. #9).

2

may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Relatedly, district courts find that staying discovery is particularly appropriate if there are pending motions regarding jurisdictional or immunity questions. *See id.* ("We hold that the district court properly deferred discovery while deciding whether the defendants were proper parties to the action."); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until [the] threshold immunity question is resolved, discovery should not be allowed."). However, while "a court is afforded broad discretion when deciding discovery matters, the court abuses its discretion when its decision is based on an erroneous view of the law." *Doe v. City of Austin*, No. 1:22-CV-00299-RP, 2022 WL 4234954, at *3 (W.D. Tex. Sept. 14, 2022) (internal quotation marks omitted) (quoting *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 743 n.10 (5th Cir. 2019)).

Furthermore, Federal Rule of Civil Procedure 26(c) provides that the court "has discretion to say discovery 'for good cause shown'" through a protective order. *Von Drake v. Nat'l Broad. Co., Inc.*, No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (quoting FED. R. CIV. P. 26(c)). "Good cause exists when the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression or undue burden or expense' absent a stay." *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016) (quoting FED. R. CIV. P. 26(c)). This good-cause requirement "indicates that 'the burden is upon the movant to show the necessity of [the protective order's] issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (internal brackets omitted) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

### II. Staying Discovery When Similar Civil and Criminal Proceedings Are Pending

Courts also have the power to stay a civil case when a defendant in the case is facing criminal charges. *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983); *Doe*, 2022 WL

4234954, at *3 (citations omitted). "Such a stay contemplates 'special circumstances' and the need to avoid 'substantial and irreparable prejudice.'" *Little Al*, 712 F.2d at 136 (quoting *S.E.C. v. First Fin. Group of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981)). In determining whether to stay a case due to a pending criminal case, courts must "employ judicial discretion and procedural flexibility to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." *In re Grand Jury Subpoena*, 866 F.3d 231, 234 (5th Cir. 2017) (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)). However, it is important to note that "[i]t 'is the rule rather than the exception' that civil and criminal cases proceed together." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008) (quoting *IBM v. Brown*, 857 F. Supp. 1384, 1387 (C.D. Cal. 1994)). And, with regards to the civil case, "there is a strong presumption in favor of discovery, and it is the party who moves for a stay that bears the burden of overcoming this presumption." *Rogers v. Tallahatchie Gourmet, L.L.C.*, No. 319-CV-00142-GHD-JMV, 2019 WL 6736224, at *2 (N.D. Miss. Dec. 11, 2019) (citing *Gonzales*, 571 F. Supp. 2d at 761). Thus, the party moving for a stay has the burden of showing that "special circumstances" exist for staying the civil case. *Id.* Within the Fifth Circuit, courts have considered the following factors to determine if a civil case should be stayed in light of an impending criminal case: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and the burden on the defendants; (5) the interests of the courts; and (6) the public interest." *S.E.C. v. AmeriFirst Funding, Inc.*, No. CIV A 307-CV-1188-D, 2008 WL 866065, at *2 (N.D. Tex. Mar. 17, 2008) (citations omitted); *see also Tajonera v. Black Elk Energy Offshore*

*Operations, L.L.C.*, No. CIV.A. 13-0366, 2015 WL 893447, at *2 (E.D. La. Mar. 2, 2015); *Morrow v. City of Tenaha Deputy City Marshal Barry Washington*, No. 2-08-CV-288-TJW, 2010 WL 3057255, at *2 (E.D. Tex. July 30, 2010).

## ANALYSIS

Denton County argues discovery in this matter should be abated until its motion to dismiss is decided. For its part, the County urges a stay is justified on two different grounds. First, Castilleja's criminal matter might impact her participation in this case, and therefore, discovery would be hampered. Second, the County's pending Rule 12(b)(6) motion to dismiss could dispose of this case as to the County. However, within the context of this motion, neither argument is particularly compelling.

### I. Stay Due to Castilleja's Pending Criminal Case

Starting with the pendency of Castilleja's criminal case, the Court notes that the existence of a similar criminal case does not automatically compel a stay. *Fresenius Med. Care N. Am.*, 571 F. Supp. 2d at 761. And here, the Court believes a stay is inappropriate based on Denton County's motion.

To start, the County seeks a stay pending resolution of its motion to dismiss—*not* the resolution of Castilleja's criminal case (Dkt. #10 at pp. 1–2). Accordingly, even if the Court granted Denton County's motion to dismiss, the requested relief does not really serve any of the underlying policies justifying a stay based on a similar criminal case. *See, e.g.*, *Little Al*, 712 F.2d at 136 ("[A] district court may stay a civil proceeding *during the pendency of a parallel criminal proceeding*.") (emphasis added); *Alcala v. Tex. Webb Cnty.*, 625 F. Supp. 2d 391, 401 (S.D. Tex. 2009) ("[T]o warrant a stay, a defendant must make a strong showing that the two proceedings will so overlap that either (1) he cannot protect himself in the civil proceeding by selectively

invoking his Fifth Amendment privilege, or (2) effective defense of both the criminal and civil cases is impossible.") (cleaned up) (citing *Koester v. Am. Republic Investments, Inc.*, 11 F.3d 818, 823 (8th Cir. 1993)).

Furthermore, the County has made no effort to analyze the relevant factors for this inquiry, and to a large extent, fails to provide enough information for how the Court should analyze those factors. For example, Denton County has not presented the Court with any records relating to Castilleja's criminal case.[2] Additionally, the sole argument the County does make regarding Castilleja's criminal case is that Castilleja—*not the County*—would have difficulties participating in discovery inquiries. However, this does not help guide the Court's inquiry into other factors, such as whether the moving defendant would be prejudiced in the absence of a stay. Lastly, the County does not address an eye-popping problem raised by its motion. That is, it is the County moving for a stay—not Castilleja—and the County is not a party to the criminal case. By itself, this would ordinarily counsel against granting a stay because courts "generally deny a stay where no indictment has been issued against the proponent of the stay." *Hicks v. City of New York*, 268 F. Supp. 2d 238, 242 (E.D.N.Y. 2003) (denying motion for stay by city defendant when co-defendant was the one subject to criminal prosecution). Therefore, at this time, the Court is unconvinced a stay is necessary due to Castilleja's criminal case.

---

[2] In its motion, Denton County provided the Court with a URL link to Denton County's criminal records, but this link did not have a copy of Castilleja's indictment or any other court records showing the factual details of Castilleja's case. *See Register of Actions: Case No. F22-347-462*, DENTON CTY. RECS. INQUIRY, https://justice1.dentoncounty.gov/PublicAccessDC/CaseDetail.aspx?CaseID=2857226 (last visited Jan. 5, 2023). The County also cited a URL for Denton County's website, but that link simply takes one to an attorney portal where only authorized users may sign in. *See Attorney Portal*, DENTON CNTY. TEX. https://justice1.dentoncounty.gov/AttorneyPA/Login.aspx?ReturnUrl=%2fAttorneyPA%2fJailingSearchResults.aspx (last visited Jan. 5, 2023). Thus, it is similarly unhelpful.

## II. Stay Due to Pending Rule 12(b)(6) Motion to Dismiss

As for Denton County's argument regarding its Rule 12(b)(6) motion to dismiss, the Court is similarly unpersuaded. Though courts may stay discovery pending such motions, courts in the Fifth Circuit have determined that it "is the exception rather than the rule" that a stay should be granted pending the resolution of a 12(b)(6) motion to dismiss. *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3-08-CV-0774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008); *see also Wesco Ins. Co. v. Dove*, No. 2:20-CV-159-KS-MTP, 2021 WL 6618490, at *1 (S.D. Miss. May 17, 2021); *James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cnty., Tex.*, No. 1:20-CV-191, 2020 WL 4365595, at *1 (E.D. Tex. July 29, 2020); *YETI Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-CV-663 RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016). In line with that view, courts "may find good cause to stay discovery when there is a pending 12(b)(6) motion, [but] in practice such stays are very rare, and almost never wise." *YETI Coolers, LLC*, 2016 WL 10571903, at *1. Here, Denton County's motion is not based on any jurisdictional or immunity defenses;[3] rather, it alleges that Plaintiffs fail to allege sufficient facts showing they are entitled to relief. *See* (Dkt. #9). On its face, therefore, the County's motion does not remove it from the traditional circumstances where a Court lets discovery to proceed pending the resolution of a 12(b)(6) motion. *See YETI Coolers, LLC*, 2016 WL 10571903, at *1; *Glazer's Wholesale Drug Co., Inc.*, 2008 WL 2930482, at *1 ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss. Although the magistrate judge cannot

---

[3] Arguably, the closest the County gets to a jurisdictional or immunity defense in its motion to dismiss is when it avers that Plaintiffs fail to allege sufficient facts to establish liability under *Monell v. Dep't of Soc. Services of City of N.Y.*, 436 U.S. 658 (1978). *See* (Dkt. #9 at pp. 10–16, 20). But, as courts consistently acknowledge, "a *Monell* defense is a 'mere defense to liability,' not immunity from suit . . . ." *Novoselsky v. Brown*, 822 F.3d 342, 357 (7th Cir. 2016) (quoting *Swint v. Chambers Cnty. Comm'n,* 514 U.S. 35, 43 (1995)). Furthermore, no other defendant has raised defenses regarding immunity or jurisdictional questions in this case either.

7

predict the outcome of the motion, it is not as 'clear cut' as defendant alleges."). As such, the Court will not stay discovery due to the pending motion.

## CONCLUSION

It is therefore **ORDERED** that Denton County's Motion to Abate Any Discovery and All Scheduling Requirements Pending Resolution of Motion to Dismiss (Dkt. #10) is hereby **DENIED.**

 **IT IS SO ORDERED.**

SIGNED this 10th day of January, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE