IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **NADINE DEPP, as Next Friend for N.H.** | § | |
| | § | |
| v. | § | Case No. 4:22-cv-00436-ALM |
| | § | |
| **NATALIE CASTILLEJA and** | § | |
| **DENTON COUNTY** | § | |

**DEFENDANT DENTON COUNTY'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(7) IN CONJUNCTION WITH RULE 19, OR ALTERNATIVELY, MOTION TO ABATE UNTIL ALL PROPER AND NECESSARY PARTIES [FATHER] ARE JOINED**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **DENTON COUNTY,** pursuant to Federal Rule of Civil Procedure 12(b)(7) in conjunction with Rule 19, and files its MOTION TO DISMISS, OR ALTERNATIVELY, TO ABATE UNTIL ALL PROPER AND NECESSARY PARTIES [FATHER] ARE JOINED,[1] and would show:

**I.
INTRODUCTION AND OVERVIEW**

The putative and sole Plaintiff is identified as "NADINE DEPP as next friend for N.H." Nadine Depp is the mother of the minor Plaintiff N.H.[2]  However, Nadine Depp lacks standing to sue on behalf of her estranged minor daughter, N.H.  More specifically, on December 16, 2022, Nadine Depp was arrested the Class A Misdemeanor offense of Assault Causes Bodily Injury Family Member for her violent attack upon N.H. wherein she [Depp] struck N.H. with a phone and then pulled a gun on N.H., resulting in N.H. calling 911.[3]  Nadine Depp was arrested by the Elm Ridge

---

[1]In conjunction with the instant Motion, Denton County has also filed its FIRST AMENDED MOTION TO DISMISS [Dkt. ***] responding to the PLAINTIFF'S SECOND AMENDED COMPLAINT [Dkt. 23] filed February 28, 2023.

[2]*See*, SECOND AMENDED COMPLAINT [Dkt. 23] paragraph I(1)-(2)

[3]See, MAGISTRATE'S ORDER OF COMMITMENT AFTER ON-VIEW ARREST (T.C.C.P. Art. 16.20) and PROBABLE CAUSE AFFIDAVIT attached as Exhibit No. 1.

Police and transported to the Denton County jail. A MAGISTRATE'S EMERGENCY PROTECTIVE ORDER was issued on December 16, 2022, setting various conditions and prohibitions about contact by/between Nadine Depp and N.H.[4] Notably, Plaintiff's counsel herein [Seth Fuller] is the very same counsel who is representing and actually bonded[5] out Nadine Depp in the current criminal proceeding - wherein N.H is the victim.

More important, on January 17, 2023, Hon. Virgil Vahlenkamp presiding in Denton County Court at Law #1, sitting as a Juvenile Court, issued an ORDER FOR RELEASE[6] which released N.H to the custody of her Father, James Ellis. Upon information and belief, N.H. has moved to Pensacola, Florida where she resides with her Father. The role and status of Child Protective Services ("CPS") involvement in this matter remains unknown and has not been disclosed[7] by Plaintiff's counsel although, upon information and belief, he may have been involved in, or at least has knowledge of, the actions taken by CPS.

## II.
## GROUNDS FOR RELIEF

Pursuant to Local Rule CV-7(a)(1), Denton County requests the Court decide these issues:

1. Whether Nadine Depp should be dismissed because she does not have authority to prosecute this action as next friend for N.H.; and

2. Whether this case be abated until an essential and necessary party, James Ellis, Father of N.H. is made party to this litigation.

---

[4] See, MAGISTRATE'S EMERGENCY PROTECTIVE ORDER was issued on December 16, 2022, attached as Exhibit No. 2

[5] See, ATTORNEY BAIL BOND executed by Seth Fuller on December 16, 2022, attached as Exhibit No. 3.

[6] See, ORDER FOR RELEASE, attached as Exhibit No. 4.

[7] Despite the representations to this Court in PLAINTIFF'S NOTICE OF INITIAL DISCLOSURES [Dkt. 24], at the time of the filing of this MOTION Plaintiff's Initial Disclosures have not been served as ordered by the court in its ORDER GOVERNING PROCEEDINGS [Dkt. 19].

## III.
## STANDARD OF REVIEW AND APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(7) permits the filing of a motion to dismiss for "failure to join a party under Rule 19." FED. R. CIV. P. 12(6)(7) and FED. R. CIV. P. 19; see also, *Roundtree v. City of San Antonio,* No. SA-18-CV-01117-JKP-ESC, 2022 WL 508343, 2022 U.S. Dist. LEXIS 29375, at * 3 (W.D. Tex. Feb. 17, 2022).   As explained by the Fifth Circuit, FED. R. CIV. P. 19 "is designed to evaluate whether a non-party either impedes the court's ability to 'accord complete relief among existing parties' or has, among additional requirements, 'claimed an interest relating to the subject of the action' -the only two tests for determining whether a person is a required party under Rule 19(a)." *Rajet Aeroservicios S.A. de C.V. v. Cervantes,* 801 F. App'x 239, 246 (5th Cir. 2020)(per curiam). The party advocating joinder bears "the initial burden of demonstrating that a missing party is necessary." *Nat'l Cas. Co. v. Gonzalez*, 637 Fed. App'x 812, 814 (5th Cir. 2016) (per curiam) (citing *Hood ex rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009)). But once "an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Id*. If joinder is not required under Rule 19(a), "no inquiry under Rule 19(b) is necessary." *Id*. at 815 (quoting *Temple v. Synthes Corp*., 498 U.S. 5, 8, 111 S. Ct. 315, 112 L. Ed. 2d 263, (1990)).

Rule 19(a) provides, in relevant part:

(a)     Persons Required to Be Joined if Feasible.

    (1)    Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

        (A)    in that person's absence, the court cannot accord complete relief among existing parties; or

        (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the

>
> person's absence may:
>
> (I) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19 joinder "militate[s] in favor of a highly practical, fact-based decision." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986)(noting that "a district court's decision to dismiss for failure to join an indispensable party is properly reviewed under an abuse-of-discretion standard") accord *Moss v. Princip*, 913 F.3d 508, 515 (5th Cir. 2019). "Whether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation." *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 118, 88 S. Ct. 733, 19 L. Ed. 2d 936 (1968).

"Although Rule 19 permits joinder of parties needed for just adjudication, or necessary parties," FED. R. CIV. P. 17(a) "permits a real party in interest to bring an action in their own name on behalf of others for whose benefit the action is brought, if authorized by statute to do so." *Phillips v. Delta Air Lines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001). Regarding a Minor or Incompetent Person, Rule 17(c)(1) provides as follows:

> "(1) With a Representative. The following representatives may sue or defend on behalf of a minor or an incompetent person:
>
> (A) a general guardian;
> (B) a committee;
> © a conservator; or
> (D) a like fiduciary.

Texas law gives full, exclusive authority to temporary managing conservators, including state agents, to represent minors in a legal action. *R.M. ex rel. L.M. v. Ne. Independent Sch. District*, 818 F.2d 455, 457-58 (5th Cir. 1987)(parent lost standing to sue on behalf of minor child when Texas

Department of Human Services became minor's managing conservator); *In re G.F.*, No. 09-11-00316-cv, 2012 WL 112549 (Tex. App.—Beaumont 2012, no pet.)(parent did not have standing to sue on behalf of minor children because CPS had temporary managing conservatorship); *In re TN*, 142 S.W.3d 522 (Tex. App.—Fort Worth 2004, no pet.)(same); see also *Crank v. Crank*, No. 3:96-cv-1984-D, 1997 U.S. Dist. LEXIS 23056, at *3-4, 1997 WL 22815, at *4 (N.D. Tex. 1997)(only the managing conservator had standing to sue on behalf of minor children); *R.H. v. Smith*, 339 S.W.3d 756 (Tex. App.—Dallas 2011, no pet.)(joint managing conservators had exclusive authority to represent minor in legal action).

## IV.
## NADINE DEPP SHOULD BE DISMISSED AS NEXT FRIEND FOR N.H.

It would seem preposterous - and clearly against the best interests of N.H. - that Nadine Depp be allowed to prosecute this action "as next friend" for N.H., particularly when is a pending criminal case against Nadine Depp for assaulting her daughter. It is self-evident that Nadine Depp cannot be both the aggressor in a criminal case then "friend" in a civil action. The murky dual role of Counsel Fuller in this scenario likewise gives pause as to Nadine Depp's continuing role herein. Criminal charges asides, there are substantial unanswered questions about whether Nadine Depp even has authority to make any decisions about her minor daughter in this litigation, a matter that CPS and/or others may be able to illuminate.

Equally clear is that N.H.'s Father James Ellis, the parent with whom N.H. now resides as a result of a court order, has not appeared in this case. His absence from this case is telling indeed. He is precisely the type non-party whose absence impedes the court's ability to accord complete relief among existing parties or has, among additional requirements, claimed an interest relating to the subject of the action. Simply put, the Father's [James Ellis'] interest relating to the subject of the

action [his minor daughter] is so situated that disposing of the action in his absence may, as a practical matter impair or impede the person's [Father's] ability to protect the interest of N.H, especially when those interests are currently only being protected by the very person who attacked N.H. - her Mother the criminal defendant and "next friend."

## V.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant **DENTON COUNTY, TEXAS,** prays that the Court grant its MOTION TO DISMISS, OR ALTERNATIVELY, TO ABATE UNTIL ALL PROPER AND NECESSARY PARTIES [FATHER] ARE JOINED; that it dismiss Plaintiff's claims and pleas for damages, and it have such other relief, at law or in equity, to which it may show itself entitled.

Respectfully submitted,

By: /s/ *Robert J. Davis*
**ROBERT J. DAVIS**
State Bar No. 05543500
**J. BAILEY McSHANE, IV**
State Bar No. 24104388
**MATTHEWS, SHIELS, KNOTT,**
**EDEN, DAVIS & BEANLAND, L.L.P.**
8131 LBJ Freeway, Suite 700
Dallas, Texas 75251
972/234-3400 (office)
972/234-1750 (telecopier)
bdavis@mssattorneys.com
bmcshane@mssattorneys.com

**ATTORNEYS FOR DEFENDANT**
**DENTON COUNTY, TEXAS**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2023, I electronically filed the foregoing document with the clerk of the Court for the Eastern District, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Seth Fuller, Naval Patel.

/s/ *Robert J. Davis*
**ROBERT J. DAVIS**