IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **NADINE DEPP   as next friend for N.H.** | § | |
| | § | |
| **v.** | § | Case No. 4:22-cv-00436-ALM |
| | § | |
| **NATALIE CASTILLEJA and** | § | |
| **DENTON COUNTY** | § | |

## JOINT REPORT OF ATTORNEY CONFERENCE

COME NOW **NADINE DEPP as next friend for N.H.**, Plaintiff, and **DENTON COUNTY,** one of the two Defendants, and file their JOINT REPORT OF ATTORNEY CONFERENCE in compliance with Rule 26(f), Judge Mazzant's ORDER GOVERNING PROCEEDINGS of January 25, 2023, as follows:

1. **A brief factual and legal synopsis of the case.**

   **Plaintiff's Statement:**

   Plaintiff is a minor child who was alleged to have been engaged in delinquent conduct and, as a result of, detained in the juvenile detention center of Denton County. Whilst in the custody of Denton County, Plaintiff was subject to the care and control of one or more officials, including a Natalie Castilleja, a juvenile probation officer with and for Denton County. During the course of her detention, Natalie Castilleja, while acting in her capacity as an employee of and for Denton County, exerted control over the child. The child, in an unfamiliar environment, and subject to the control of strangers, including Natalie Castilleja. During the course of her captivity, Natalie Castilleja "groomed" the juvenile by communicating, with her, flirtatious and otherwise inappropriate notes. While employed and when she was charged with supervising the child and acting as a parental-like figure, Natalie Castilleja actively solicited and communicated personal information, to the child, to induce the child into reaching out to her upon the child's release from custody. These series of events were not instant nor quick, but were cultivated during the course of time, all while Natalie Castilleja, as an officer, employee, and agent for Denton County, was charged and supervising and exercising control over a minor child, who was in an unfamiliar environment and without a parental or other guardian there to actually care and watch out for her wellbeing. Ultimately, Natalie Castilleja's misconduct was, either, unnoticed and not actively discouraged, and the child, upon her release, did do as Natalie Castilleja encouraged: the child reached out through social media to Natalie Castilleja. Thereafter, Natalie Castilleja transported the child from the child's home and raped her. The actions resulted in mental scarring, and the child acting out, and ultimately being redetained, and, upon the child's outcry, an investigation was purportedly performed, and found no misconduct had occurred.

**Defendant Denton County's Statement**:

Plaintiff has sued former Denton County Juvenile Supervision Officer Natalie Castilleja, along with Denton County, because of illegal sexual relations between the minor Plaintiff "N.H." and former Officer Castilleja - which occurred during times when N.H. had been released from the Juvenile Detention Facility and was in the care and custody of her mother Nadine Depp. The County's contentions about the factual underpinnings and legal synopsis of this case have been exhaustively detailed in DEFENDANT DENTON COUNTY'S MOTION TO DISMISS [Dkt. 9]. Simply put, Denton County contends that Co-Defendant Castilleja was not acting under color of state law, and thus, there is no §1983 liability on the part of the County. The criminal conduct of Castilleja is a superseding and intervening cause which breaks the causal chain. Yet even if somehow construed that there was some type "state action" by Castilleja, the County has not engaged in any conduct for which it could be liable under Federal or State law. The Plaintiff cannot present a viable *Monell* claim, particularly regarding failure to train or failure to supervise. The presumed yet defectively alleged "retaliation" claims is invalid. Plaintiff cannot prevail against the County under any State law theory. The County contests all of Plaintiff's alleged damages. Finally, Plaintiff cannot recover punitive damages against the County.

**Defendant Natalie Castilleja's Statement:**

Defendant Castilleja's statement is unknown as she has not appeared in this case despite being served on July 20, 2022. See Affidavit of Service [Dkt. 14]. Nor has any Default Judgment been requested or taken against her.

**2.    The jurisdictional basis for this suit.**

Subject matter jurisdiction is conferred upon this Court by 42 U.S.C. §1983 conjunction with 28 U.S.C. §1331.

**3.    A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

NADINE DEPP, as next friend for N.H. Plaintiff, although it is anticipated that Plaintiff's Father James Ellis will be substituted in as Next Friend.

Denton County, Defendant

Natalie Castilleja, Defendant

The parties currently before the Court do not anticipate any additional parties. However, since Defendant Castilleja has not appeared nor default judgment entered against her, it is unknown what her position may be on addition of other potential parties.

4. **A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

*State of Texas vs. Natalie Guadalupe Castilleja*, Case No. F22-347-462, 462nd District Court of Denton County.  Defendant Castilleja entered a guilty plea and A JUDGMENT OF CONVICTION BY COURT - WAIVER OF JURY TRIAL was entered by the Court on January 19, 2023, convicting Castilleja for the offenses of Sexual Assault of a Child and Indecency With a Child. The punishment was Eight (8) years in the Texas Department of Criminal Justice, Correctional Institutions Division. She is currently incarcerated in the Denton County Jail awaiting transfer to the Texas Department of Criminal Justice.

*In the Matter of N.H.*, Cause No. DH-20220-684, in the County Court at Law No. 1 of Denton County, Texas.   This is the juvenile case against Plaintiff which resulted in an Order Of Release on January 17, 2023, wherein Plaintiff was released from Probation to the custody of her Father, James Elllis.   Plaintiff has left the State of Texas and resides with her Father in Florida.

Plaintiff's Mother, Nadine Depp, was arrested on December 15, 2022, by the Elm Ridge Police Department for assaulting minor Plaintiff N.H.   Such criminal matter is pending.

5. **Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.**

The Plaintiff and County have exchanged Initial Disclosures as required by Rule 26(a)(1) and the Court's ORDER GOVERNING PROCEEDINGS.   Defendant Castilleja has not.

6. **Proposed scheduling order deadlines. Appendix 1 has the standard deadlines. Explain any deviations from standard schedule.  Now is the time to inform the court of any special complexities or need for more time before the trial setting. The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.**

See attached proposed SCHEDULING ORDER.

7. **Describe in accordance with Rule 26(f):**

    (i) **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

    **Plaintiffs' Statement:**

    Plaintiff hopes to conduct discovery on the degree of investigation conducted, by Denton County, as well as other due diligence exercised by it, as well as associated staff, including the training provided to juvenile probation officer, such as Natalie Castilleja. It is not believed that discovery should be conducted in phases nor otherwise limited to specific issues at this time.

**Defendant Denton County's Statement**:

Denton County anticipates conducting discovery to ascertain the factual basis of Plaintiff's allegations and alleged damages. Discovery should be completed in the time frame set out in the proposed SCHEDULING ORDER. Defendants do not believe discovery needs to be conducted in phases or limited to or focused on particular issues at this juncture.

**Defendant Natalie Castilleja's Statement:**

Defendant Castilleja's statement is unknown for the reasons set forth above.

(ii) **Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

**Plaintiff's Statement:**

No issues pertaining to ESI discovery are anticipated at this time.

**Defendant Denton County's Statement**:

Denton County does not anticipate that there will be any issues related to ESI.

**Defendant Natalie Castilleja's Statement:**

Defendant Castilleja's statement is unknown for the reasons set forth above.

(iii) **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the court for entry of a protective order. Unless a request is made for modification, the court will use the form found on the Eastern District website.**

**Plaintiff's Statement:**

No issues are anticipated pertaining to the assertion or preservation of privilege. A protective order would be appropriate to protect confidential or otherwise sensitive records, particularly those specifically identifying the juvenile. Plaintiff anticipates being able to jointly submit an agreed motion as to the same for the Court's consideration.

**Defendant Denton County's Statement**:

Denton County does not anticipate that there will be any issues related to assertion of privileges or preserving information. A protective order will be appropriate to protect privileged juvenile records and possibly personnel records of County employees. The parties will jointly submit same as needed.

- (iv) **Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed, as well as**
- (v) **Whether any other orders should be entered by the court pursuant to Federal Rule of Civil Procedure 26(c)or 16(b), (c).**

**Plaintiff's Statement:**

Plaintiff requests the entry of an order protecting sensitive or otherwise privileged information, particularly concerning the identity of the juvenile as well as other confidential information pertaining to witnesses and the County, but does not otherwise request other changes.

**Denton County's Statement**:

Denton County does not propose any changes at this point but would note that a protective order will be needed to protect privileged juvenile records, personnel records and other personal information of the Plaintiff as well as other witnesses and/or County employees.

**Defendant Natalie Castilleja's Statement:**

Defendant Castilleja's statement is unknown for the reasons set forth above.

8. **State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made.  If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The court will appoint a mediator if none is agreed upon.**

Plaintiff's counsel submitted a settlement demand solely to Defendant Denton County to which the County has yet to respond.

**Mediator:**

The parties jointly propose that if available Magistrate Judge Nowak conduct mediation.

9. **The identity of persons expected to be deposed.**

**Plaintiff's Statement:**

Plaintiff anticipates deposing: (1) Natalie Castilleja; (2) Matt Marick; (3) Helen Mack; and (4) Dave Lenington. However, Plaintiff respectfully seeks to reserve the right to depose others not identified herein upon the further development of information as it may become available.

**Denton County's Statement**:

Denton County anticipates deposing Plaintiff, Plaintiff's Mother Nadine Depp, Plaintiff's Father James Ellis, former Juvenile Detention Officer Natalie Castilleja, and participating in the anticipated depositions of Juvenile Probation Department representatives, and possibly others. Denton County reserve the right to depose other persons not expressly identified herein to rebut and/or address allegations made by the Plaintiff as discovery progress in this litigation.

10. **Estimated trial time and whether a jury demand has been timely made.**

**Plaintiff's Statement:**

If this case proceeds to try, a three (3) day trial is expected and a jury demand has been made by Plaintiff.

**Defendant Denton County's Statement**:

Denton County estimates that [if a trial is necessary after filing of all dispositive motions] it would take three (3) days. Denton County has not yet made a jury demand as its obligation to file an answer has not yet culminated.

**Defendant Natalie Castilleja's Statement:**

Defendant Castilleja's statement is unknown for the reasons set forth above.

11. **The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

**Plaintiff's Statement:**

Seth A. Fuller

**Denton County's Statement**:

Robert J. Davis

**Defendant Natalie Castilleja's Statement:**

Defendant Castilleja's statement is unknown for the reasons set forth above.

12. **Whether the parties jointly consent to trial before a magistrate judge.**

   Yes, Plaintiff and Denton County jointly consent to trial before a Magistrate Judge.

13. **Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

   **Plaintiff's Statement:**

   Plaintiff is unopposed to the Court considering the propriety of Nadine Depp serving as Next Friend for the minor child, but, otherwise, Plaintiff does not believe there are other matters requiring inclusion herein.

   **Denton County's Statement**:

   DENTON COUNTY'S FIRST AMENDED MOTION TO DISMISS [Dkt. 25] and DENTON COUNTY'S MOTION TO DISMISS, OR ALTERNATIVELY, TO ABATE UNTIL ALL PROPER AND NECESSARY PARTIES [FATHER] ARE JOINED [Dkt. 26] are pending. Further, Denton County respectfully urges the Court to clarify and address the role of Co-Defendant Natalie Castilleja, and more specifically, require Plaintiff to take a Default Judgment against her and prove-up alleged damages against Co-Defendant Castilleja. Finally, Denton County respectfully requests the Court to address the propriety of Nadine Depp serving as the Next Friend of the minor Plaintiff when there is a pending criminal matter against her [Nadine Depp] for assaulting the Plaintiff. It was the County's understanding during the attorney conference that the Father, James Ellis, would likely be substituted in as Next Friend of the minor Plaintiff but that has not occurred as of the date of the filing of this Joint Report, thus necessitating the filing of the MOTION TO DISMISS, OR ALTERNATIVELY, TO ABATE UNTIL ALL PROPER AND NECESSARY PARTIES [FATHER] ARE JOINED [Dkt. 26].

   **Defendant Natalie Castilleja's Statement:**

   Defendant Castilleja's statement is unknown for the reasons set forth above.

        Respectfully submitted,

        Respectfully submitted,


        /s/ *Seth Fuller*

        Seth A. Fuller
        State Bar No. 24064126
        sf@patelfuller.com
        Patel Fuller, PLLC
        1211 E. 15th St.
        Plano, TX 75074-6207
        P     214-810-3120
        F     214-722-6809

        Counsel for Plaintiff

        **ATTORNEYS FOR PLAINTIFF**
        **N.H., by and through her Next Friend NADINE DEPP**


By:   /s/ *Robert J. Davis*
       **ROBERT J. DAVIS**
       State Bar No. 05543500
       **MATTHEWS, SHIELS, KNOTT,**
       **EDEN, DAVIS & BEANLAND, L.L.P.**
       8131 LBJ Freeway, Suite 700
       Dallas, Texas 75251
       972/234-3400 (office)
       972/234-1750 (telecopier)
       bdavis@mssattorneys.com

       **ATTORNEYS FOR DEFENDANT DENTON COUNTY**


## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the undersigned and following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Seth Fuller.

        /s/ *Robert J. Davis*
        **ROBERT J. DAVIS**